IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WILLIE BROWN,<br><br>                Plaintiff,<br><br>      v.<br><br>MRS. WINNER'S CHICKEN AND<br>BISCUITS, et al.,<br><br>                Defendants. | CIVIL ACTION NO.<br><br>1:10-CV-3557-TWT-RGV |

## ORDER FOR SERVICE OF ORDER AND
## NON-FINAL REPORT AND RECOMMENDATION

Attached is the Order and Non-Final Report and Recommendation of the United States Magistrate Judge made in this action in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and this Court's Local Rule 72. Let the same be filed and a copy, together with a copy of this Order, be served upon the parties.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file a written objection, if any, to the Report and Recommendation within fourteen (14) days of the receipt of this Order. Should an objection be filed, it shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable). If no objections are filed, the Report and Recommendation may be adopted as the opinion and order of the district court and any appellate review of

factual findings will be limited to a plain error review. United States v. Slay, 714 F.2d 1093 (11th Cir. 1983) (per curiam).

The Clerk is directed to submit the Report and Recommendation with objections, if any, to the district court after expiration of the above time period.

**IT IS SO ORDERED**, this 22nd day of April, 2011.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WILLIE BROWN,<br><br>               Plaintiff,<br><br>    v.<br><br>MRS. WINNER'S CHICKEN AND<br>BISCUITS, et al.,<br><br>               Defendants. | CIVIL ACTION NO.<br><br>1:10-CV-3557-TWT-RGV |

**MAGISTRATE JUDGE'S ORDER AND
NON-FINAL REPORT AND RECOMMENDATION**

On November 1, 2010, plaintiff Willie Brown ("plaintiff"), proceeding *pro se*, filed a complaint alleging violations of "the Civil Rights Act of 1964 (Title 7)[1]; the Georgia Labor Practice Act; and U.S. Constitution 4th Amend[ment]," [Doc. 1-1 at 2 (footnote added)], against defendants Mrs. Winner's Chicken and Biscuits ("Mrs. Winner's"), Demetrius Kearso ("Kearso"), Michael McCracken, Eden Wood, Adam Wood, and Martin Kozhele (collectively "the individual defendants"). On November 12, 2010, this Court ordered plaintiff to file an amended complaint within fourteen (14) days addressing several deficiencies noted on the face of the complaint, and to ensure that the amended complaint complied with Local Rules, as well as

---

[1] Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII").

Rules 8, 9, and 10 of the Federal Rules of Civil Procedure. See [Doc. 2]. After being granted two extensions of time, see [Docket Entry dated 11/29/2010; Doc. 6], plaintiff filed an amended complaint, [Doc. 7], that the undersigned cannot determine is entirely frivolous or malicious as to plaintiff's Title VII claim against his alleged employer, Mrs. Winner's. See Neitzke v. Williams, 490 U.S. 319, 324 (1989). Therefore, this action shall be allowed to proceed as any other civil action as to that claim against defendant Mrs. Winner's. However, it is **RECOMMENDED** that plaintiff's claims against all of the individual defendants be **DISMISSED** as frivolous.

Under 28 U.S.C. § 1915(e), the Court must dismiss the case if it determines that it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis either in law or in fact," Neitzke, 490 U.S. at 325, or "if the 'plaintiff's realistic chances of ultimate success are slight,'" Clark v. State of Ga. Pardons & Paroles Bd., 915 F.2d 636, 639 (11th Cir. 1990) (quoting Moreland v. Wharton, 899 F.2d 1168, 1170 (11th Cir. 1990) (per curiam)). However, because plaintiff is proceeding *pro se*, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys

and will, therefore, be liberally construed."  Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) (citations omitted).

Even when construed liberally,[2] plaintiff's amended complaint states no viable claim against any of the individual defendants, or any claim against Mrs. Winner's with the exception of a claim under Title VII.[3]  With respect to any potential Title VII

---

[2] Liberal construction in this case is required, as, even after being instructed by the Court to comply with the notice pleading requirements of Rule 8, [Doc. 2 at 6; Doc. 6 at 2], plaintiff has submitted as an amended complaint a sixty-three page handwritten narrative that includes superfluous details about his employment, plaintiff's opinions about the facts of his case, and conclusory legal claims, see [Doc. 7 at 1-63].

[3] While plaintiff complains of hazardous, unpleasant, and unsanitary working conditions, inferior or inadequate equipment, of being "forced by corporate management to sell to the public chicken and other food products which were tainted or otherwise unfit for consumption," and alleges that Kearso "physically assault[ed] fellow employees," stole money and employee records from the store, made false claims against, and harassed, abused, and "targeted" other male employees, [Doc. 7 at 10-15, 50], the only colorable claim he has properly pleaded is under Title VII related to Mrs. Winner's alleged awareness of and response to Kearso's alleged actions against plaintiff and others. See [Doc. 7 at 16-17, 21-48].  All remaining claims that might be discerned from the amended complaint are subject to dismissal for failing to state a claim, as well as for failure to obey the Court's order of November 12, 2010, [Doc. 2], because the complaint in all other respects remains a shotgun pleading that fails to allege any viable legal claim against any specific defendant.  See Owens v. Pinellas Cnty. Sheriff's Dep't, 331 Fed. App. 654, 656 (11th Cir. 2009) (per curiam) (unpublished) ("Pursuant to Fed. R. Civ. P. 41(b), a district court may *sua sponte* dismiss a plaintiff's action for failure to comply with the rules or any order of the court.") (citation omitted); Lampkin-Asam v. Volusia Cnty. Sch. Bd., 261 Fed. App. 274, 277 (11th Cir. 2008) (per curiam) (unpublished) ("A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'  Pleadings of this nature are prohibited by Rule 8(a)(2), which requires a claim for relief to be 'a short

claim against the individual defendants, "[t]he Eleventh Circuit . . . has long held that '[i]ndividual capacity suits under Title VII are . . . inappropriate.'"  Dickerson v. Sec'y, Dep't of Veterans Affairs, No. 5:08-cv-392 (CAR), 2010 WL 2464839, at *1 (M.D. Ga. June 14, 2010) (quoting Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991) (per curiam)) (alteration in original).  See also Dearth v. Collins, 441 F.3d 931, 933 (11th Cir. 2006) (per curiam); Canty v. Fry's Elecs., Inc., 736 F. Supp. 2d 1352, 1361 (N.D. Ga. 2010).  Because "[t]he relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of [Title VII]," the only properly named defendant for plaintiff's Title VII claims is his alleged employer, Mrs. Winner's.  King v. Fulton Cnty., Ga., Civil Action File No. 1:08-CV-3729-TWT, 2009 WL 1322341, at *2 (N.D. Ga. May 11, 2009), adopted at *1 (citation omitted).  It is therefore **RECOMMENDED** that plaintiff's claims against

---

and plain statement of the claim showing that the pleader is entitled to relief.'") (citations omitted); Martinez v. City of Orlando, No. 6:09-cv-802-Orl-22GJK, 2009 WL 3048486, at *5 (M.D. Fla. Sept. 21, 2009), adopted at *2 ("[e]ven under Fed.R.Civ.P. 8(a)'s notice pleading provision and the liberal interpretation given to *pro se* pleadings, a complaint must include allegations respecting all material elements of all claims asserted; bare legal conclusions attached to a narrative of facts will not suffice.").  See also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted) ("Generally, a plaintiff must allege sufficient facts 'to raise a right to relief above the speculative level.'"); Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002) ("conclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal").

the individual defendants be **DISMISSED** and the case proceed only against Mrs. Winner's.

The Clerk is hereby **DIRECTED** to send plaintiff the USM 285 form, summons, and initial disclosures form. Plaintiff is **DIRECTED** to complete the USM 285 form, summons, and initial disclosures form, and to return one of each for defendant Mrs. Winner's within **twenty (20) days** from the entry date of this Order, to the Clerk of Court. Plaintiff is warned that the failure to comply could result in the dismissal of this action. The Clerk is **DIRECTED** to resubmit this action to the undersigned if plaintiff fails to comply.

Upon receipt of the forms by the Clerk, the Clerk is **DIRECTED** to prepare a service waiver package for defendant Mrs. Winner's. The service waiver package must include two (2) copies of the Notice of Lawsuit and Request for Waiver of Service of Summons (prepared by the Clerk), two (2) copies of the Waiver of Service of Summons forms (prepared by the Clerk), an envelope addressed to the Clerk of Court with adequate first class postage for return of the waiver form, one (1) copy of the complaint, one (1) copy of the initial disclosures form, and one (1) copy of this Order. The Clerk shall retain the USM 285 forms and the summons(es).

Upon completion of the service of waiver package, the Clerk is **DIRECTED** to complete the lower portion of the Notice of Lawsuit and Request for Waiver form

and to mail the service waiver package to Mrs. Winner's. Mrs. Winner's has a duty to avoid unnecessary costs of serving the summons, and if it fails to comply with the request for waiver of service, it must bear the costs of personal service unless good cause can be shown for failure to return the Waiver of Service form.

In the event that defendant Mrs. Winner's does not return the Waiver of Service form to the Clerk of Court within **thirty-five (35)** days following the date of the service waiver package was mailed, the Clerk is **DIRECTED** to prepare and transmit to the U.S. Marshal's Service a service package for Mrs. Winner's. The service package must include the USM 285 form, the summons, and one (1) copy of the complaint. Upon receipt of the service package, the U.S. Marshal's Service is **DIRECTED** to personally serve defendant Mrs. Winner's. The executed waiver form or the completed USM 285 form shall be filed with the Clerk.

Plaintiff is **DIRECTED** to serve upon defendant Mrs. Winner's or its counsel a copy of every additional pleading or other document which is filed with the Clerk of Court. Each pleading or other document filed with the Clerk shall include a certificate stating the date on which an accurate copy of that paper was mailed to the defendant or its counsel. This Court shall disregard any submitted papers which have not been properly filed with the Clerk or which do not include a certificate of service.

Plaintiff is also **REQUIRED** to keep the Court and defendant Mrs. Winner's advised of his current address at all times during the pendency of this action. Plaintiff is admonished that the failure to do so may result in the dismissal of this action.

**IT IS SO ORDERED AND RECOMMENDED**, this 22nd day of April, 2011.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE