IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WILLIE BROWN,

                Plaintiff,

        v.

MRS. WINNER'S CHICKEN AND
BISCUITS,

                Defendant.

CIVIL ACTION NO.

1:10-CV-3557-TWT-RGV

## **ORDER FOR SERVICE OF REPORT AND RECOMMENDATION**

Attached is the Report and Recommendation of the United States Magistrate Judge made in this action in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and this Court's Local Rule 72. Let the same be filed and a copy, together with a copy of this Order, be served upon the parties.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file a written objection, if any, to the Report and Recommendation within fourteen (14) days of the receipt of this Order. Should an objection be filed, it shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable). If no objections are filed, the Report and Recommendation may be adopted as the opinion and order of the district court and any appellate review of

factual findings will be limited to a plain error review.  <u>United States v. Slay</u>, 714 F.2d 1093 (11th Cir. 1983) (per curiam).

The Clerk is directed to submit the Report and Recommendation with objections, if any, to the district court after expiration of the above time period.

**IT IS SO ORDERED**, this 10th day of June, 2011.

RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WILLIE BROWN,

        Plaintiff,

        v.

MRS. WINNER'S CHICKEN AND
BISCUITS,

        Defendant.

CIVIL ACTION NO.

1:10-CV-3557-TWT-RGV

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On April 22, 2011, the undersigned Magistrate Judge entered an Order and Report and Recommendation that this Title VII action be allowed to proceed against defendant Mrs. Winner's Chicken and Biscuits ("Mrs. Winner's"), but dismissed as to the individual defendants, [Doc. 8], and the District Court adopted the Report and Recommendation on May 19, 2011, [Doc. 14]. In the Order entered on April 22, 2011, the Clerk of Court was directed to send plaintiff the USM 285 form, summons, and initial disclosures form, and plaintiff was directed to complete the USM 285 form, summons, and initial disclosures form, and to return to the Clerk of Court one of each for defendant Mrs. Winner's within twenty (20) days from the entry of the Order. [Doc. 8 at 7]. Plaintiff was specifically warned that the failure to comply could result in the dismissal of this action. [Id.].

The Clerk's Certificate of Mailing reflects that a copy of the April 22, 2011, Order, the USM 285 form, summons, and initial disclosures form were mailed to plaintiff on April 25, 2011.  See [Docket Entry dated 4/25/2011].  More than twenty days have elapsed since the Order was mailed to plaintiff, and the record reflects that he has failed to return to the Clerk of Court the completed USM 285 form, summons, and initial disclosures form as required by the Court's Order.  Moreover, it is clear that plaintiff received the Order and Report and Recommendation because he filed a motion for extension of time to object to the Report and Recommendation, [Doc. 10], objections to the Report and Recommendation, [Doc. 11], and a motion to amend his objections, [Doc. 12], all of which were denied by the District Court, [Doc. 14].  Furthermore, more than twenty days have passed since the District Court entered the Order adopting the Report and Recommendation, and plaintiff has taken no action to proceed with prosecuting this case.

"Pursuant to Fed.R.Civ.P. 41(b), a district court may *sua sponte* dismiss a plaintiff's action for failure to comply with the rules or any order of the court." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 656 (11th Cir. 2009) (per curiam) (unpublished) (citing Lopez v. Aransas Cnty. Indep. Sch. Dist., 570 F.2d 541, 544 (5th Cir.1978)[1]).  "The Supreme Court also has held that '[t]he authority of a

---

[1] Decisions of the Fifth Circuit rendered before October 1, 1981, are binding precedent in the Eleventh Circuit.  Bonner v. City of Prichard, 661 F.2d 1206, 1209

court to dismiss *sua sponte* for lack of prosecution has generally been considered an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . .'" Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005) (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962)) (internal marks omitted) (alteration in original). Additionally, Local Rule 41.3A(2) provides in pertinent part that "[t]he court may, with or without notice to the parties, dismiss a civil case [with prejudice] for want of prosecution if . . . [a] plaintiff . . . shall, after notice, . . . fail or refuse to obey a lawful order of the court in the case." LR 41.3A(2), NDGa.

Dismissal is appropriate in this case because plaintiff has failed to obey a lawful order of the Court, and by doing so, has prevented the case from moving forward. Thus, plaintiff's case is subject to dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, Local Rule 41.3A(2), and the Court's inherent power, due to his failure to obey the Court's April 22, 2011, Order. See Fed. R. Civ. P. 41(b); LR 41.3A(2), NDGa. See also Betty K Agencies, Ltd., 432 F.3d at 1337; Gratton v. Great Am. Commc'ns, 178 F.3d 1373, 1374-75 (11th Cir. 1999) (per curiam); Owens, 331 F. App'x at 656. Although a dismissal pursuant to Rule 41(b) or Local Rule 41.3A(2) operates as an adjudication upon the merits unless otherwise

(11th Cir. 1981) (en banc).

3

noted by the Court, the Eleventh Circuit has held that a district court should "dismiss a case for want of prosecution *with prejudice* only when faced with 'a clear record of delay or contumacious conduct by the plaintiff.'" <u>Eades v. Ala. Dep't of Human Res.</u>, 298 F. App'x 862, 863-64 (11th Cir. 2008) (per curiam) (unpublished) (quoting <u>McKelvey v. AT&T Techs., Inc.</u>, 789 F.2d 1518, 1520 (11th Cir. 1986) (per curiam)) (emphasis added).  "Moreover, such dismissal is a sanction of last resort, applicable only in extreme circumstances, and generally proper only where less drastic sanctions are unavailable." <u>Id.</u> (internal marks and citation omitted).  "A finding of such extreme circumstances necessary to support the sanction of dismissal [with prejudice] must, at a minimum, be based on evidence of willful delay; simple negligence does not warrant dismissal." <u>Id.</u> (internal marks and citations omitted).

Here, although plaintiff has failed to comply with the Court's Order, and has therefore failed to move forward with the prosecution of his case or to take any other action, the Court finds that dismissal without prejudice is an appropriate sanction as the Court is not convinced that plaintiff's dilatory conduct is contumacious. <u>Id.</u>  Therefore, dismissal with prejudice would be too drastic of a sanction at this time.  <u>See</u> <u>Cook v. Mobile Cnty. Metro Jail</u>, Civil Action No. 07-0528-KD-C, 2007 WL 2973241, at *1 (S.D. Ala. Oct. 9, 2007), adopted at *1. Accordingly, it is hereby **RECOMMENDED** that this action be **DISMISSED**

4

**WITHOUT PREJUDICE** for plaintiff's failure to obey the Court's April 22, 2011,

Order. <u>See</u> LR 41.3A(2), NDGa; Fed. R. Civ. P. 41(b).

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**IT IS SO RECOMMENDED**, this 10th day of June, 2011.

_Russell G. Vineyard_
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

5